**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50235 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-04424-BEN-1 |
| v. | |
| JOHNNY RAMIREZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted June 11, 2019**

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

Johnny Ramirez appeals from the district court's judgment and challenges

the 108-month sentence imposed following his guilty-plea conviction for

importation of methamphetamine, in violation of 21 U.S.C. §§ 952, 960.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ramirez contends that the district court erred by failing to recalculate the Guidelines range after revising the statutory mandatory minimum sentence under 18 U.S.C. § 3553(e). Contrary to his contention, however, *United States v. Lee*, 725 F.3d 1159 (9th Cir. 2013), did not require such a recalculation here. In *Lee*, the district court "manipulate[d] the calculations under the Sentencing Guidelines in order to produce a Guidelines range that [would] allow it to impose the sentence it prefer[red]." *Id.* at 1164. By contrast, here, the district court started with the correctly calculated Guidelines range, varied downward to the mandatory minimum under 18 U.S.C § 3553(a), and then departed downward 12 months to reflect Ramirez's substantial assistance. While the record is unclear whether the district court understood that 108 months was the new mandatory minimum, any error did not prejudice Ramirez. Unlike in *Lee*, where the district court did not assign an absolute value to the defendant's substantial assistance, making it impossible to determine whether the sentence imposed was "lower or higher than the revised statutory minimum," *id.* at 1168, the record here makes clear that the court determined that Ramirez's substantial assistance warranted a 12-month reduction from the original mandatory minimum.

Ramirez also contends that the district court erred by failing to consider independently the value of his cooperation under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The record reflects, however, that the district court independently

evaluated the extent of Ramirez's cooperation by examining the record, hearing the parties' arguments, and determining that the government's evaluation was reasonable. *See United States v. Laney*, 189 F.3d 954, 964 (9th Cir. 1999). The district court did not err by giving the government's evaluation of Ramirez's cooperation "substantial weight." *See* U.S.S.G. § 5K1.1 cmt. n.3; *Laney*, 189 F.3d at 964.

**AFFIRMED.**